# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OFKANSAS

| | |
|---|---|
| JOSHUA WILLIAMS, by and through ) <br> KRISTIN ROTH, Guardian and Next Friend. ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v.  ) <br>   ) <br> CITY OF WICHITA, KANSAS, ) <br> Defendant. ) <br> _____ ) | Case no._____ |

## **COMPLAINT**

**COMES NOW**, the Plaintiff, by and through his attorneys Mark T. Schoenhofer and Kurt P. Kerns and for his causes of action against the defendant, states and alleges as follows:

### **Introduction/Nature of Case**

1) Competency to stand trial depends on whether a defendant has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.

2) The conviction and jailing of a legally incompetent defendant, or the failure of a trial court to provide an adequate competency determination, violates a defendant's due process right to fair trial. The essential principle embodied in the Due Process Clause of the Fourteenth Amendment to the United States Constitution is this: The government may not deprive a person of a property right or a liberty interest without affording that person the opportunity to be heard in a meaningful way and at a meaningful time to avert a wrongful deprivation of that right or interest.

3) When a bona fide doubt about competence of a defendant is raised before the court,

1

the defendant must be evaluated by a mental health professional.  Based on that evaluation and other information, the court is then obliged to make a determination of legal competency.

4)  A trial court must grant either party's request for a determination of the defendant's competency to stand trial if either party has a bona fide doubt as to the defendant's competence. The court may also order a competency evaluation, if based on its own observations of the defendant, it believes he is incompetent.

5) The City of Wichita Municipal Court does not, and has never ordered a psychological evaluation or held a hearing to determine the competency of a defendant, despite numerous mentally incompetent defendants throughout the history of the court passing through its doors. Despite instances of defense counsel raising a bona fide concern about the competency of a defendant; despite medical/psychiatric evidence of a defendant's incompetency, and; despite the court raising its own concerns about a defendant's competency, Wichita Municipal Court has not and does not order a psychological evaluation to determine the mental competency of any defendant passing through its doors.

6) The City of Wichita Municipal Court forces mentally incompetent defendants to submit to trial or to enter a plea of guilty/no contest, despite their inability to consult with their attorney with a reasonable degree of rational understanding, and their lack of understanding of the proceedings against them. Likewise, the City of Wichita jails numerous mentally incompetent defendants before and after they are found guilty.

7) The City of Wichita Municipal Court has announced it has no means or methodology of determining competency, as there is no provision for competency evaluations in the City Code.

8) Despite repeated objections over the years by defense counsel, the City of Wichita

municipal court has knowingly, deliberately and intentionally subjected mentally incompetent defendants to trial and/or a change of plea, claiming "our hands are tied." Mentally incompetent criminal defendants have been convicted, sentenced, and jailed despite mental defects and disorders, which render them incapable of understanding the nature and consequences of the proceedings against them or in assisting properly in their defense.

9) The actions and omissions and failures of the Defendant City of Wichita violated Plaintiff's Due Process rights under the Fifth and Fourteenth Amendments, and is rights to be free of cruel and unusual punishment under the Eighth Amendment. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff seeks damages (both actual and exemplary), injunctive relief, attorneys fees, and costs as a result of defendant's violations of his constitutional rights.

10) Plaintiff Joshua Williams has been convicted in multiple municipal court cases since 2019, despite his mental diseases and defects, and despite his incompetence. He has been jailed for months at a time on these cases.

## Jurisdiction and Venue

11) This Court has subject matter jurisdiction herein pursuant to 28 U.S.C. § 1331, as one the Plaintiffs' claims against the Defendant involves a federal question.

12) Venue is proper in this District pursuant to 28 U.S.C. §1391(a).

## Parties

13) Kristin Roth is the mother, guardian and conservator of Joshua Williams, and brings this lawsuit on behalf of Joshua Williams. Joshua Williams is a resident of Wichita, Sedgwick County, Kansas.

14) Defendant City of Wichita is a municipal corporation and may be served with process through its mayor, Brandon Whipple, 1st Floor, 455 N. Main, Wichita, Kansas 67202.

15) The mayor, the city council, and city clerk's office exercise the governing powers of the city of Wichita. At all times relevant to this action, the mayor, city council and city clerk were acting within their official capacity for the city of Wichita. City council is responsible for the appointment of all judges of the City of Wichita Municipal Court, and is responsible for the municipal court budget. City council is also responsible for promulgation of the City Code.  City council has failed to allocate funds and the procedure for competency evaluations in the City of Wichita Municipal Court, despite clear constitutional mandates.

16)   At all times relevant hereto, the Wichita Mayor, Wichita City Council, City Clerk, and all Municipal Court Judges were acting under color of law.

## Statement of Facts

17)  Joshua Williams has been arrested and charged with criminal offenses in 2019 CM 531; 2019 DV 161420 CM 1079; 20 CM 2010; 20 PB 784; 21 CM 2075; 21 CM 2077; 22 CM 3456; 22 CM 3644; 22 PB 5928; 23 CM 1265.

18) Joshua Williams has been convicted of such offenses as criminal trespass, assault, and interference with a law enforcement officer, among other offenses.

19)  Joshua Williams has been forced to plead guilty or to go trial in each of these cases.

20)   Joshua Williams has been diagnosed with a major neurocognitive disorder due to traumatic brain injury, rendering him with no capacity to manage his own affairs. According to his psychologist, he has marked limitations in his ability to understand and remember instructions, and moderate limitations in his ability to sustain concentration.

21)  This report of the psychologist, Ted Wunderlich, Psy.D., was offered to the District Court in support of guardianship on July 11, 2023.  Joshua Williams sustained his first traumatic brain injury before any of the criminal case had been filed against him by the City of Wichita. He

has sustained two such brain injuries and has developed alcoholism. Despite the public defenders announcing their concerns about Plaintiff's competency, the City of Wichita Municipal Court did not offer a competency evaluation or dismiss Mr. Williams' cases.  He has been enrolled in mental health court instead.

22) Historically, the City of Wichita and its judges tell defense counsel that the defendant must appeal his/her conviction in order to get a psychological evaluation and a competency hearing. That is, an incompetent defendant must be found guilty in the City of Wichita Municipal Court in order to later be found incompetent to enter a plea of guilty.

23)  Many times these criminal defendants, as here, are represented by City Public Defenders, who do not appeal the conviction of their incompetent defendants, and a competency evaluation is never completed. This is the case with Plaintiff.  These defendants, including Mr. Williams, often serve lengthy jail sentences, and with each conviction, their criminal history grows and exposes them to lengthier sentences and the risk of felony charges.

**Knowledge of Misconduct**

24) Defendant City of Wichita, its mayor, commissioners, judges and prosecutors had knowledge that the wrongs herein were committed and are being committed.  The city knows that it is obliged to know and follow the law, including the United States Constitution and United States Supreme Court case law.

25)  The City and its judges and prosecutors have known that for nearly 45 years the United States Supreme Court has held that the conviction of a legally incompetent defendant, or the failure of a trial court to provide an adequate competency determination, violates a criminal defendant's due process right to a fair trial. The City and its judges and prosecutors know Due Process demands a psychological evaluation to determine the competency of a defendant when

there is a bona fide belief that defendant is incompetent.

26) Instead of providing the funds and means for its judges to order competency evaluations for those defendants who are believed to be incompetent, the Defendant City of Wichita instead created "Mental Health Court". The "Mental Health Court" is not a program by which competency of a defendant is determined. Instead, it is a program available to only select defendants after they are found guilty. On its website, the Defendant City of Wichita in fact describes Mental Health Court as "an option in which the defendant can participate as an alternative to conventional sentencing."

27) On its website too, the Defendant City of Wichita acknowledges the increasing number of mentally ill defendants passing through its courts: "The number of persons with mental illness at the root of their offending behaviors has risen, and the criminal justice community is straining to keep up. A large percentage of cases filed with the City of Wichita Municipal Court are mental health related offenses."

**Deliberate Indifference**

28) **Actual Notice**. Defendant City of Wichita had knowledge that it was committing the wrongs alleged herein. The deliberate indifference standard is met here where defendant City of Wichita had actual notice that its actions or failures to act were substantially certain to result in a constitutional violation, and it nonetheless consciously or deliberately chose to disregard the risk of harm. Here, there is a pattern of repeated unconstitutional behavior for decades, such that a violation of federal rights was a highly predictable or plainly obvious consequence of the defendants' actions or inactions including, but not limited to, the failure of the Municipal Court to order psychological evaluations of defendant believed to be incompetent; the failure of the Municipal Court to conduct competency hearings; the forcing of defendants whom the court

and/or parties believed to be incompetent to submit to trial or a change of plea hearing; and, the jailing of defendants whom the court and/or the parties believed were incompetent.

**Deliberate Indifference and Custom/Policy/Practice/Culture of Misconduct**.

29) Defendant City of Wichita, Kansas and its mayor, commissioners, judges, and prosecutors participated in the creation and allowance of a custom/policy/practice/culture of denying incompetent defendants their due process rights to a fair trial. The denial of the Plaintiff's right to due process has resulted in unlawful convictions and cruel and unusual punishment to her. By failing to take any remedial action, and in creating and allowing this misconduct by the Municipal Court, Defendant City of Wichita, Kansas was deliberately indifferent to a substantial risk of harm to all incompetent defendants (including Plaintiff). Defendant City of Wichita, Kansas is likewise responsible and liable for the same actions, omissions, and failures of its mayor, commissioners, judges and prosecutors.

30) Defendants City of Wichita, Kansas had the power and responsibility to prevent, or aid in preventing, the misconduct that took place. They could have, and should have, done so by reasonable diligence. Instead, by knowingly, recklessly, and/or with deliberate indifference and callous disregard of Plaintiff's rights, it chose not to take action. Defendant City of Wichita directly or indirectly, under color of law, approved or ratified the deprivation of Plaintiff's due process rights to a fair trial, and his rights to be free of cruel and unusual punishment.

31) **Affirmative Links–Responsibilities for Conduct**. Plaintiff asserts that there were affirmative links between the actions and omissions of Defendant City of Wichita and the actions and omissions and failures its mayor, commissioners, judges and prosecutors such that Defendant City of Wichita should be held liable for the actions and omissions and failures of its mayor, commissioners, judges and prosecutors as they personally participated in

and/or acquiesced in the constitutional deprivations of which this complaint is made, thereby creating liability for themselves.

32) **Ratification**. The actions and omissions of Defendant City of Wichita, Kansas constituted authorization and/or approval and/or ratification of the culture of depriving mentally incompetent defendants their due process rights to a fair trial. The actions and omissions of Defendant City of Wichita, its mayor, commissioners, judges and prosecutors actually support the violation of rights alleged herein. All of this gives rise to the liability and responsibility of Defendant City of Wichita, Kansas. The actions and omissions and failures of Defendant demonstrated deliberate indifference to the Due Process Rights of mentally incompetent defendants to a fair trial and the rights of incompetent defendants to be free of cruel and unusual punishment. The Municipal Court judges and prosecutors had a sufficiently culpable state of mind in that they had actual knowledge of an excessive risk of harm to mentally incompetent defendants passing through the court.

33) Accordingly, the City of Wichita is liable under the Civil Rights Act of 1871, 42 U.S.C. §1983 et seq. for damages caused to Plaintiff, including but not limited to unlawful deprivation of Plaintiff's Fifth and Fourth Amendment right to Due Process of Law, and the Eighth Amendment prohibition against cruel and unusual punishment. Defendant' actions and omissions caused or contributed to cause plaintiff to suffer injuries and damages, all of which entitles him to an award from this Court for compensatory relief against the Defendant. Plaintiff specifically suffered deprivation of federal rights and also – in connection therewith – loss of freedom, physical, emotional and mental injuries, pain and suffering, anxiety, fright, nervousness, indignity, insult, and loss of enjoyment of life. The injuries are severe, permanent, and progressive.

**WHEREFORE**, and by reason of the foregoing, Plaintiff prays for an award of compensatory damages, an award of exemplary damages, attorney fees and expenses of the attorney, the costs of this action, and for such and other and further relief as to the Court deems fair, reasonable, just and equitable.

Respectfully Submitted,

/s/ Mark T. Schoenhofer
Mark T. Schoenhofer, Kan. Bar No. 15781
1631 E. 1st Street
Wichita, Kansas 67214
316-262-5400
Fax: 316-262-1787
Email: mydefensefirst@yahoo.com

And

/s/ Kurt P. Kerns
Kurt P. Kerns, Kan Bar No. 15028
328 N. Main
Wichita, Kansas 67202
316-265-5511
Fax: 316-265-4433
Email: kurtkerns@kernslawgroup.com

## REQUEST FOR TRIAL BY JURY

**Comes Now** the Plaintiff and requests a trial by jury of twelve person on all issues herein joined above.

/s/ Mark T. Schoenhofer
Mark T. Schoenhofer, Kan. Sup. Ct. No. 15781

## DESIGNATION OF PLACE OF TRIAL

**Comes Now** the Plaintiff and designates Kansas City as the Place of trial .

>/s/ Mark T. Schoenhofer
>Mark T. Schoenhofer, Kan. Sup. Ct. No. 15781